EYRE *vs.* EYRE and others.

1. A delay of fifteen years in calling for the specific performance of a parol contract for the conveyance of land, without any attempt to enforce it in the lifetime of the contractor, is a circumstance of great weight against the party seeking performance, and will render necessary more strict and full proof, and a closer scrutiny of the evidence.

2. Part performance will take a contract out of the statute of frauds, when it has been in part performed in such manner that a refusal would be a fraud on the other party. But for this purpose, the contract itself must be clearly proved, and the acts of part performance must be referable to the contract alone.

This cause was brought to final hearing, on bill, answer and proofs.

*Mr. Hutchinson,* for complainant.

*Mr. Merritt,* for defendants.

THE CHANCELLOR.

This was a suit between the same parties on both sides, as one decided this term. Like that, it was for the specific performance of a parol contract by complainant's father, James Eyre, in his lifetime, to convey land. This was made in 1849, two years before the other deed. Although he lived fifteen years after it was made, no suit was brought against him. Delaying for so long to call for the specific performance of such a parol contract, and not attempting to enforce it in the lifetime of the contractor, who knew whether there was such contract or not, and could have answered the bill of the complainant, if it does not of itself bar the relief, is a circumstance of great weight against the complainant, and will make the court require more strict and full proof, and closely scrutinize the evidence.

The contract set up is, that James Eyre, the complainant's father, agreed with him and his brother Isaac, now dead

that if they would build houses on a lot of the father, made vacant by the burning down of the building which had stood on it, he would convey to them the lot; that they built two houses on the lot, of which complainant took the east house, and Isaac the west house, and that complainant has occupied and collected the rents of the east house, with his father's assent, until his death.

A parol contract of this kind, followed by acts of part performance, such as are alleged, if proved, is, in equity, entitled to specific performance. It has long been settled, that part performance will take a contract out of the statute of frauds, when it has been in part performed in such manner that a refusal would be a fraud on the other party. But for this purpose, the contract itself must be clearly proved, and the acts of part performance must be referable to the contract alone.

The answer denies the contract, and that the complainant erected the building. It admits that, for a great part of the time, he collected and kept the rents, but alleges that this was done, not in performance of the contract, but by the indulgence of a father toward a son, who was in need of aid.

The only direct proof of the contract, is by the evidence of the complainant himself. The proof of admissions by James Eyre, in casual conversation with witnesses who had no reason for noticing with accuracy what he said, is the weakest and most unsatisfactory kind of evidence, yet it is all there is to support the complainant in the proof of the contract. And the complainant is so much shaken and contradicted by other testimony as to other parts of his evidence, that his testimony, which though made competent, is by the act that makes it so, left subject to its credibility being affected by his interest, is not sufficient to satisfy me. The credibility of the testimony is much affected, too, by the delay in bringing the suit until the death of his father. He suffered fifteen years to elapse in his father's lifetime, but after his death brought his suit with little delay.

But the principal conflict in the testimony is, as to the

fact of the house being erected and paid for by the complainant. It is the only act of part performance relied on, that cannot be referred to other matters than the contract.

I shall not attempt in this opinion, to go over or analyze and compare the evidence. I have read it carefully, and weighed the conflicting parts against each other, and feel convinced from it, that the complainant did not build the house upon this lot, but that it was built by James Eyre himself; that he not only superintended and directed the work, but paid for it, although a great part may have been paid by orders on the store of his sons, charged to him in his settlement with them.

The testimony on both sides is imperfect, and much of it vague, and evidently untrue. The conclusion at which I have arrived, is rather an impression, but a firm one, from the whole testimony taken together, than a demonstration by putting the parts together to prove the result.

But if I only doubted, the relief must be denied. The complainant or actor, in all cases, must prove his case to the satisfaction of the court; but in these cases, where the provisions of the statute of frauds are to be set aside by some act of specific performance, clear proof is eminently required. This salutary statute should not be lightly dispensed with. And the uncertainty and unreliability of much of the evidence in this case, shows the wisdom of that statute, and throws a doubt over the doctrine of equity, that part performance will take a case out of it. The frauds and perjuries are transferred from the evidence of the contract, to that of its performance.

The bill must be dismissed.